NEIL PAPIANO, ESQ. CSB # 031811
IVERSON, YOAKUM, PAPIANO & HATCH
624 South Grand Avenue, 27th Floor
Los Angeles, California 90017-3328
Tel: (213) 624-7444  Fax: (213) 629-4563

Attorneys for Plaintiff BOB BAFFERT

FILED
CLERK, U.S. DISTRICT COURT
APR 15 2002
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

COPY

Priority ✓
Send ✓
Enter ✓
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

BOB BAFFERT,

    Plaintiff

v.

CALIFORNIA HORSE RACING
BOARD, ROY C. WOOD, JR., IN HIS
CAPACITY AS THE EXECUTIVE
DIRECTOR OF THE CALIFORNIA
HORSE RACING BOARD; AND
ROBERT H. TOURTELOT, JOHN C.
HARRIS, SHERYL L. GRANZELLA,
MARIE G. MORETTI, ALAN W.
LANDSBURG, WILLIAM A. BIANCO,
AND ROGER H. LICHT, IN THEIR
OFFICIAL CAPACITIES AS
MEMBERS OF THE CALIFORNIA
HORSE RACING BOARD,

    Defendants.

CASE NO. 01-07363 DT (BQRx)

[PROPOSED] ORDER FOR SUMMARY
JUDGMENT AND ISSUANCE OF A
PERMANENT INJUNCTION

[Statement of Rationale Attached]

THIS CONSTITUTES NOTICE OF ENT
AS REQUIRED BY FRCP, RULE 77(

Hearing Date: April 15, 2001
Time: 10:00 a.m.
Place: Roybal 880

[The Honorable Dickran M. Tevrizian,
  Judge Presiding]

Trial Date:    December 10, 2002
Date Action Filed:  August 23, 2001

✓ Docketed
✓ Mld copy Ptys P5END
✓ Mld Notice Ptys
✓ JS-6

    The Motion of Plaintiff, Bob Baffert, for Summary Judgment in this matter came on regularly for hearing on April 15, 2002 in Courtroom 880 of the above entitled Court, the Honorable Dickran M. Tevrizian, Judge, presiding. Neil Papiano, Esq., of Iverson, Yoakum, Papiano & Hatch appeared as counsel for Plaintiff and California State Deputy Attorney General Jerald L. Mosley appeared as counsel for the Defendants, the California Horse Racing Board; Roy C. Wood, Jr., Executive Director; and Board Members Alan W. Landsburg, John C. Harris, Sheryl L. Granzella, Marie G. Moretti, William A. Bianco, and Roger H. Licht.

ENTERED
04-16-02
APR 16 2002

82

1

[PROPOSED] ORDER FOR SUMMARY JUDGMENT
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

The Court has read and considered Plaintiff's moving papers with the supporting declarations, Appendix, Separate Statement of Undisputed Facts, and Memorandum of Points and Authorities; and the Defendants' opposition papers and supporting declarations together with the material submitted with their Request for Judicial Notice. The matter has been submitted to the Court for decision. The Court finds that this is a proper case for granting summary judgment because there are no genuine issues of material fact on the core elements of Plaintiff's First Amended Complaint for issuance of a permanent injunction based on Defendants' violation of Plaintiff's Constitutional rights under 42 U.S.C. § 1983. The Court further finds that a judgment in Plaintiff's favor as prayed for in the First Amended Complaint should be issued as a matter of law because it has been indisputably established that the balance of hardships tips sharply in Plaintiff's favor, public interest favors granting an injunction, and Plaintiff has established that Defendants violated their constitutional duty under <u>California v. Trombetta</u> (1984) 467 U.S. 479 and <u>Brady v. Maryland</u> (1963) 373 U.S. 83 to preserve potentially exculpatory evidence. In addition, the Court finds that, by ignoring and not following State law and their own rules and regulations in intentionally and secretly destroying blood samples containing exculpatory evidence material to Plaintiff's defense, the Defendants compromised Plaintiff's constitutional right to a fair administrative hearing before the California Horse Racing Board, and unless a permanent injunction as prayed for is granted, great and/or irreparable injury and damages will continue to result to Plaintiff in the administrative proceedings. Therefore, in compliance with the Federal Rules of Civil Procedure, Rule 56, and the record in this case, the Court makes the following **ORDERS**:

1. Plaintiff's Motion for Summary Judgment on his First Amended Complaint is granted.

2. Judgment is issued in Plaintiff's favor and against the Defendants, and each of them, as prayed for in Plaintiff's First Amended Complaint.

3. A permanent Injunction is issued, as follows:

    Defendants California Horse Racing Board, Roy C. Wood., Jr., in his capacity as the Executive Director of the California Horse Racing Board, and John C. Harris, Sheryl L. Granzella, Marie G. Moretti,

2

**[PROPOSED] ORDER FOR SUMMARY JUDGMENT**

Alan W. Landsburg, William A. Bianco, and Roger H. Licht, in their official capacities as Members of the California Horse Racing Board, their officers, employees, agents, representatives, and all persons acting or claiming to act on their behalf or under their discretion or authority, and all persons acting in concert or in participation with the Defendants, shall be permanently enjoined from holding and/or continuing any further proceedings in the State administrative disciplinary action entitled "In the Matter of the Complaint against Bob Baffert" before the California Horse Racing Board, Case No. 00HP 0027.

4. The Defendants are ordered to dismiss said administrative proceedings forthwith.

5. The preliminary injunction is superceded and dissolved and the security bond is exonerated.

6. Plaintiff is entitled to recover its costs.

7. Pursuant to 42 U.S.C. §1988, the Plaintiff, as the prevailing party in this action, is entitled to an award of reasonable attorney fees to be determined on presentation of a proper motion under Court Rules.

Dated: April 15, 2002

DICKRAN TEVRIZIAN
———————————————
Dickran Tevrizian, Judge
United States District Court
Central District of California

# RATIONALE FOR SUMMARY JUDGMENT
# AND ISSUANCE OF A PERMANENT INJUNCTION

1. Plaintiff is entitled to summary judgment as a matter of law since Plaintiff has established that there are no genuine issues of material facts on the core elements of his First Amended Complaint for Injunctive Relief for a continuing violation of his Constitutional rights under 42 U.S.C. §1983.

Federal Rule of Civil Procedure 56(a)(c)(3); <u>Anderson v. Liberty Lobby, Inc.</u> (1986) 477 U.S. 242, 250-252.

2. The Federal District Court has jurisdiction under Federal Statute 42 U.S.C. §1983 to issue injunctive relief where a state action has, and is, depriving an American citizen of Constitutional rights secured by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

<u>Pennhurst State School & Hosp. v. Halderman</u> (1984) 465 U.S. 89, 103-105.

3. In accord with 42 U.S.C. §1983, <u>prospective injunctive relief</u> is an appropriate remedy against individual State officials who, while acting under color of State law in their official capacities in State government, are depriving a citizen of Federal Constitutional rights.

<u>Office of Hawaiian Affairs v. Department of Education</u> (D. Haw. 1996) 951 F.Supp. 1484, 1492, 1493 citing <u>Pennhurst v. Halderman</u> (1984) 465 U.S. 89, 103-105 (citing <u>Ex Parte Young</u> (1908) 209 U.S. 123).

4. It is undisputed in this case that Defendants violated their constitutional duty to preserve material exculpatory evidence on the issues of guilt and punishment by intentionally and secretly destroying the blood samples even before Defendants filed their complaint against Plaintiff and after they were notified by their testing laboratory of a positive finding in the urine sample of Plaintiff's horse.

<u>California v. Trombetta</u> (1984) 467 U.S. 479, 488, 489.

///
///

5. The Constitutional due process duty to preserve exculpatory evidence is applicable to quasi-criminal administrative disciplinary proceedings by a State licencing agency to insure the licensee a constitutionally full and fair administrative hearing.

Scott v. Meese (1985) 174 Cal.App.3d 249, 256-257.

6. "The basis for injunctive relief in the Federal courts has always been irreparable injury and the inadequacy of legal remedies." [Weinberger v. Romero-Barcelo (1982) 456 U.S. 305, 312; Stanley v. University of So. Calif. (9th Cir. 1994) 13 F.3d 1313, 1320.] These two requirements for granting an injunction are clearly present here, and indisputable.

7. The vanguards of Constitutional due process, applicable to State administrative proceedings, are notice, the right to be heard, i.e., the opportunity to meet and rebut the evidence the state agency is relying on to support its accusations and charges, and the right to a full, fair and impartial consideration of the issues. [See Arnett v. Kennedy (1974) 416 U.S. 134; Withrow v. Larkin (1975) 421 U.S. 35, 36; Shively v. Stewart (1966) 65 Cal.2d 475, 480.] These Constitutional rights, and particularly the right to be afforded the opportunity to meet and rebut the State Agency's evidence, have been undisputably and irrevocably denied Plaintiff by the Defendants' intentional and secret destruction of all of the exculpatory evidence (the blood samples) and Defendants' specific refusal to follow Defendants' own laws, rules and contract obligations, all of which require the testing of the exculpatory blood samples.

8. The requirements of California v. Trombetta are clearly established in this case. The Defendants obviously knew when they destroyed the blood samples that these samples could provide exculpatory scientific evidence that the test of the urine sample was in error; and that the blood samples could conclusively prove that there was no "administration" of morphine to the horse in an attempt to affect the outcome of the race, an important presumption relied on by the Defendants to establish their case against Plaintiff.

9. It is undisputed in this case that the Defendants violated State law, their own regulations and their publicly bid contract by not preserving the blood samples and testing said samples for the presence of the prohibited substance. It is undisputed that the CHRB's staff acted secretly and without Board approval in ordering their testing laboratory, Truesdail Laboratories,

2

[PROPOSED] ORDER FOR SUMMARY JUDGMENT

to discard one-third of all blood samples before testing the urine for any prohibited substances, and in destroying the split sample before any charges were filed against Plaintiff.

10. It is undisputed in this case that the blood samples, if preserved and tested, could have produced scientific evidence that the urine test was in error, and conclusive evidence that the Plaintiff was not negligent in the care of this horse, and that no morphine had been administered to the horse prior to the race.

11. It is undisputed in this case that the resulting positive urine test, if accurate, was the result of accidental environmental contamination and that the trace level found in the urine, an estimated quantitative value of 73 ng/ml, could not have affected the horse or affected the outcome of the race in any way.

12. It is undisputed that the continuing prosecution of this administrative proceeding without the blood samples constitutes a violation of Plaintiff's Constitutional rights to due process of law, as it prevents the Plaintiff from having the opportunity to present evidence in his defense to rebut the evidence offered by the State Agency against him; and it denies, and continues to deny, Plaintiff from being afforded a fair administrative hearing.

Dated: March 8, 2002

IVERSON, YOAKUM, PAPIANO & HATCH

By: _____
NEIL PAPIANO, ESQ.
Attorneys for Plaintiff BOB BAFFERT

3
[PROPOSED] ORDER FOR SUMMARY JUDGMENT