JUDGMENT
==============================================================================

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---------------

NO. 02-55858
CT/AG#: CV-01-07363-DT



BOB BAFFERT

        Plaintiff - Appellee

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

v.

CALIFORNIA HORSE RACING BOARD; ROY C. WOOD, JR., in his
capacity as executive director of the California Horse
Racing Board; JOHN C. HARRIS; SHERYL L. GRANZELLA; MARIE G.
MORETTI; ALAN W. LANDSBURG; WILLIAM A. BIANCO; ROGER H.
LICHT, in his official capacity as a member of the
California Racing Board

        Defendants - Appellants



THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

NO. 02-56135
CT/AG#: CV-01-07363-DT

BOB BAFFERT

        Plaintiff - Appellee



v.

CALIFORNIA HORSE RACING BOARD; ROY C. WOOD, JR., in his
capacity as executive director of the California Horse
Racing Board; JOHN C. HARRIS; SHERYL L. GRANZELLA; MARIE G.
MORETTI; ALAN W. LANDSBURG; WILLIAM A. BIANCO; ROGER H.
LICHT, in his official capacity as a member of the
California Racing Board

        Defendants - Appellants

---

APPEAL FROM the United States District Court for the Central District of California, Los Angeles .

THIS CAUSE came on to be heard on the Transcript of the Record from the United States District Court for the Central District of California, Los Angeles and was duly submitted.

ON CONSIDERATION WHEREOF, It is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is REVERSED and REMANDED with instructions to vacate the award of attorney fees to Plaintiff and to dismiss the action.

Filed and entered      June 6, 2003      **COSTS TAXED**

A TRUE COPY
ATTEST

CATHY CATTERSON
Clerk of Court

by: Ruben Talavera
Deputy Clerk

This certification does constitute the mandate of the court.

**CONFORMED COPY**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
## BILL OF COSTS

For Official Use Only

| | | |
|---|---|---|
| BOB BAFFERT | v. CALIF. HORSE RACING BOARD, et al. | 9th Cir. No. 02-55858 |
| | PLAINTIFF & APPELLEE | CA No. 01-07363 DT(BQRx) |

The Clerk is requested to tax the following costs against: **BOB BAFFERT, PLAINTIFF & APPELLEE**

**NOTE:** If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with Circuit Rule 39-1. A late bill of costs must be accompanied by a motion showing good cause. Please refer to FRAP 39, 28 U.S.C. § 1920, and Circuit Rule 39-1 when preparing your bill of costs.

| COST TAXABLE UNDER FRAP 39, 28 U.S.C. § 1920, Circuit Rule 39-1 | REQUESTED Each column must be completed. | | | ALLOWED To be completed by the Clerk. | | | |
|---|---|---|---|---|---|---|---|
| | No. Of Documents* | Pages per Document | Cost per Page** | Total Cost | No. Of Documents | Pages for Document | Cost for Page | Total Cost |
| Excerpt of Record | 7 | 1,906 | .20 | 2,668.40 | | | | 2,668.40 |
| Appellant's Brief | 18 | 96 | .20 | 345.60 | | | | 345.60 |
| Appellee's Brief | | | | | | | | |
| Appellant's Reply Brief | 18 | 86 | .20 | 309.60 | | | | 309.60 |
| Other | | | | | | | | |
| Other | | | | | | | | |
| | | | TOTAL: $ | 3,323.60 | | | TOTAL: $ | 3,323.60 |

**Other:** Any other requests must be accompanied by a statement explaining why the item(s) should be taxed pursuant to Circuit Rule 39-1. Additional items without such supporting statements will not be considered.

* If more than 7 excerpts or 20 briefs are requested, a statement explaining the excess number must be submitted.
** Costs per page may not exceed 20¢ or actual cost, whichever is less. Circuit Rule 39-1.

Attorneys' fees cannot be requested on this form.

I, **Jerald Mosley**, swear under penalty of perjury that the services for which costs are taxed were actually and necessarily performed, and that the requested costs were actually expended as listed. The printer's itemized statement showing actual costs per page is attached

Signature: _/s/_ Date: 6-19-03

Name of Counsel (printed or typed) **Jerald L. Mosley** Attorney for: **Calif. Horse Racing Board**

Date: **7-24-03**

Costs are taxed in the amount of $ **3,323.60**

By: **Ruben Talavera**, Deputy Clerk
Clerk of Court

S:\Forms\APPCKTBILL_OF_COST_FRM.WPD

FILED
JUN 20 2003
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

A TRUE COPY
ATTEST

CATHY CATTERSON
Clerk of Court

by: **Ruben Talavera**
Deputy Clerk

This certification does constitute the mandate of the court.

REV 11/95

| STATE OF CALIFORNIA | DATE: 7/6/01 | NO. 01-08 | EXPIRES: 6/30/02 |
|---|---|---|---|

DEPARTMENT OF JUSTICE

JUS 400 (REVISED 7/85)

DISTRIBUTION:

☐ A - MANAGEMENT
☒ B - MGMT & SUPERVISORY
☐ C - ALL EMPLOYEES

# Administrative Bulletin

| SUBJECT | ADMINISTRATIVE MANUAL REFERENCE | APPROVED BY |
|---|---|---|
| BILLING RATES FOR 2001/02 | Government Code Sections 11011, 11044 & 11256; Penal Code Sections 1105 & 12050-54; Education Code Section 45125; & State Administrative Manual Sections 8750 & 8755 | DIRECTOR, ASD |

## AMENDED
## SUPERSEDES ADMINISTRATIVE BULLETIN NO. 00-12

The following rates and fees will be charged for services provided by the Department of Justice during Fiscal Year 2001/02. Also shown are projected rates and fees for Fiscal Year 2002/03. The projected rates should be used for planning purposes only. Rates and fees for Fiscal Year 2001/02 are subject to approved collective bargaining agreements and necessary adjustments to support the developing 2002/03 Governor's Budget.

| Legal Services Program | 2001/2002 | 2002/2003 |
|---|---|---|
| 1. Attorney Services | $112.00/hr. | $112.00/hr. |
| 2. TQA Attorney Services (Civil-LA, PRD - Nat. Res.) | 120.00/hr. | 120.00/hr. |
| 3. Paralegal Services | 53.00/hr. | 53.00/hr. |
| 4. Auditor, Land Agent, Research Analyst | 63.00/hr. | 63.00/hr. |
| 5. Brief Printing Rate | 6.00/page | 6.00/page |
| 6. Legal Reproduction Copies | .30/page | .30/page |

| Law Enforcement Program | | |
|---|---|---|
| 1. Investigator Services | $110.00/hr. | $110.00/hr. |
| 2. Fingerprint (Noncriminal) | 32.00/ea. | 32.00/ea |
| 3. 90-Day Employment Concealed Weapon Permit | 73.00/ea. | 73.00/ea |
| 4. 90-Day Employment CWP Renewal | 25.00/ea. | 25.00/ea. |
| 5. 2-Year Resident Concealed Weapon Permit | 90.00/ea. | 90.00/ea. |
| 6. 2-Year Resident CWP Renewal | 42.00/ea. | 42.00/ea. |
| 7. 3-Year Judicial Concealed Weapon Permit | 107.00/ea. | 107.00/ea. |
| 8. 3-Year Judicial CWP Renewal | 59.00/ea. | 59.00/ea. |
| 9. 4-Year Reserve Peace Officer CWP | 124.00/ea. | 124.00/ea. |
| 10. 4-Year Reserve Peace Officer CWP Renewal | 76.00/ea. | 76.00/ea. |
| 11. Triplicate Prescription Forms | 7.00/per 100 | 7.00/per 100 |
| 12. Dealer's Record of Sale | 14.00/ea. | 14.00/ea. |
| 13. Secondhand Dealer License Rate | 195.00/ea. | 195.00/ea. |
| 14. Forensic Service Rate | 90.00/ea. | 90.00/ea. |
| 15. Blood Alcohol Analysis | 35.00/ea. | 35.00/ea. |

## PROOF OF SERVICE

Case Name: BOB BAFFERT v. CALIFORNIA HORSE RACING BOARD, et al.
Case No.: **9th Cir. No. 02-55858**
**USDC Central Dist. No. 01-07363DT (BQRx)**

I declare:

I am employed in the City of Los Angeles, County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 300 S. Spring Street, Suite 1700, Los Angeles, CA 90013. On June 19, 2003, I served the document named below on the parties in this action as follows:

DOCUMENT SERVED:   BILL OF COSTS

SERVED UPON:   NEIL PAPIANO, ESQ.
IVERSON, YOAKUM, PAPIANO & HATCH
624 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-3328

XXX   (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Los Angeles, California. I am readily familiar with the practice of the Office of the Attorney General for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I declare under penalty of perjury the foregoing is true and correct and that this declaration was executed on June 19, 2003, at Los Angeles, California.

_____
DORIS KOBATA, Declarant

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BOB BAFFERT,
    *Plaintiff-Appellee,*

v.

CALIFORNIA HORSE RACING BOARD;
ROY C. WOOD, JR., in his capacity
as Executive Director of the
California Horse Racing Board;
and JOHN C. HARRIS, SHERYL L.
GRANZELLA, MARIE G. MORETTI,
ALAN W. LANDSBURG; WILLIAM A.
BIANCO, and ROGER H. LICHT, in
their official capacities as
members of the California Horse
Racing Board,
    *Defendants-Appellants,*

and

ROBERT H. TOURTELOT, in his
official capacity as a member of
the California Horse Racing
Board,
    *Defendant.*

Nos. 02-55858
02-56135
D.C. No.
CV-01-07363-DT
OPINION

Appeals from the United States District Court
for the Central District of California
Dickran M. Tevrizian, District Judge, Presiding

Argued and Submitted
April 10, 2003—Pasadena, California

Filed June 6, 2003

7673

Before: Mary M. Schroeder, Chief Judge, Susan P. Graber, Circuit Judge, and James K. Singleton,* District Judge.

Opinion by Judge Graber

## SUMMARY

### Civil Litigation and Procedure/Jurisdiction

The court of appeals reversed a judgment of the district court. The court held that a district court errs in not abstaining under *Younger v. Harris*, 401 U.S. 37 (1971), on the basis that the defendant state administrative board did not act in good faith, when the board has a reasonable expectation of obtaining a valid "conviction," and the other criteria favoring abstention are present.

Appellee Bob Baffert trained thoroughbred racehorses. Urine samples taken from one of Baffert's horses showed trace amounts of morphine. At a hearing before a panel appointed by appellant the California Horse Racing Board (Board), Baffert learned that although both blood and urine samples were taken, only the urine was tested. Baffert further learned that the blood samples had been destroyed pursuant to a laboratory practice of destroying one third of all the blood samples sent, and the Board's policy of destroying samples after 45 days if no request for testing has been made. Baffert argued that the presence of such a small trace of morphine in the horse's urine likely was explained by environmental contamination. Following the hearing, the panel suspended Baffert's license for 60 days. Baffert appealed the decision to the Board.

---

*The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

While the state administrative appeal was pending, Baffert filed an action in federal district court under 42 U.S.C. § 1983 against the Board and its members in their official capacities (collectively, the Board). Baffert alleged that the Board violated his due process rights by failing to preserve the blood samples. Baffert further argued that the state procedures would take too long to resolve. The Board argued that *Younger* abstention required dismissal. The district court disagreed, finding that the Board's prosecution was in bad faith, and on motion for summary judgment, granted a permanent injunction in favor of Baffert.

The Board appealed.

[1] In determining whether abstention is proper, the court must examine: the nature of the state proceedings in order to determine whether the proceedings implicate important state interests; the timing of the request for federal relief in order to determine whether there are ongoing state proceedings; and the ability of the federal plaintiff to litigate its federal constitutional claims in state proceedings.

[2] Preserving the integrity of racing was a significant state interest, especially in view of the fact that California permitted wagering on horse racing. [3] In addition, the Board's proceeding was both quasi-judicial, in that it was adjudicatory in nature, and quasi-criminal, in that there was a license at issue that could be suspended or revoked. The state's interest in administering such proceedings without interference was thus significant.

[4] Baffert's claims did not attack a regulation or statute as unconstitutional; rather, he attacked specific evidentiary practices in his case that he asserted amounted to a violation of his due process rights. His claims thus concerned the administrative agency's competence to examine evidence before them in light of constitutional standards. Although California's constitutional provisions explicitly precluded challenges to the con-

stitutionality of a regulation in administrative proceedings, those provisions did not affect the competence of an administrative judge to examine evidence in the light of constitutional standards. [5] Further, a bald assertion that state proceedings are lengthy does not eliminate the grounds for *Younger* abstention. [6] While Baffert disagreed with the result that he had achieved in California, his lack of success did not render the forum inadequate. Because the case fit cleanly within the criteria for abstaining under *Younger*, the district court was obliged to decline jurisdiction, unless some exception applied.

[7] While bad faith can constitute an exception, in the *Younger* abstention context, [8] bad faith generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction. [9] Here, the Board had a reasonable expectation of obtaining a valid "conviction." [10] Further, the fact that the Board destroyed the blood samples did not prove bad faith. [11] Thus, no exception was warranted. As such, the judgment of the district court had to be reversed.

## COUNSEL

Jerald L. Mosley, Deputy Attorney General, Los Angeles, California, for the defendants-appellants.

Neil Papiano, Iverson, Yoakum, Papiano & Hatch, Los Angeles, California, for the plaintiff-appellee.

## OPINION

GRABER, Circuit Judge:

An administrative proceeding conducted under the authority of the California Horse Racing Board ("the Board")

resulted in an order suspending, for 60 days, Plaintiff Bob Baffert's license to race horses in California. While his appeal from the suspension order was pending, Plaintiff filed this action under 42 U.S.C. § 1983, seeking to enjoin the state proceedings on the ground that the Board had failed to preserve evidence to which Plaintiff was constitutionally entitled. The Board argued that the principles of *Younger* abstention[1] required the district court to decline jurisdiction. The district court nevertheless decided the case. Because we agree with the Board that *Younger* abstention applies, we reverse and remand with instructions to dismiss.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff trains thoroughbred racehorses. Defendants are the Board,[2] which is the administrative body charged with overseeing horse racing in California, and its individual members.

On May 3, 2000, "Nautical Look," a horse trained by Plaintiff, won the seventh race at the Hollywood Park racetrack. As California's regulations require, the track veterinarian took blood and urine samples from the horse. One half of each sample, the "official sample," was sent to a laboratory for testing. The Board retained the other half of each sample, known as the "split samples," which are kept for the purpose of confirming a positive drug test on the official sample. Both the official sample and the split sample of Nautical Look's urine tested positive for trace amounts of morphine.

Several months later, a panel of three Stewards, appointed by the Board, held a formal hearing to consider a complaint against Plaintiff arising from the drug testing of Nautical

---

[1]*Younger v. Harris*, 401 U.S. 37 (1971).

[2]Because we hold that the district court erred in exercising jurisdiction over this entire action, we do not address the Board's contentions that it is immune under the Eleventh Amendment and is not a proper defendant for purposes of § 1983.

Look. Plaintiff argued that the presence of such a small trace of morphine in the horse's urine likely was explained by environmental contamination. Environmental contamination is a defense under California regulations, but that defense may be rebutted by evidence that the trainer did not reasonably ensure the horse's protection from such contamination. Extensive evidence was taken on these issues.

At the hearing, Plaintiff learned that the Board had tested only the urine samples. The blood samples had been destroyed. The official blood sample was destroyed pursuant to an August 1999 policy of destroying one-third of all the blood samples submitted to the laboratory. When no request for testing of the split blood sample was made within the 45-day period after the race during which the split sample remained in the Board's custody, that sample was "purged" due to its age.

Following the hearing, the Stewards concluded that Plaintiff "did not meet the standards of mitigating circumstances as set forth in Rule 1888(c) (Defense to Trainer Insurer Rule)" and, thus, that he had violated "California Horse Racing Board rules # 1843(a) (Medication, Drugs and Other Substances — Morphine — Class I) and # 1887 (Trainer to Insure Condition of Horse)." The Stewards ordered that Plaintiff's license be suspended for 60 days. Plaintiff timely appealed that decision to the Board. He also obtained a stay of the suspension pending resolution of the appeal.

While the state administrative appeal was pending, however, Plaintiff filed this federal action under 42 U.S.C. § 1983 against the Board and its members in their official capacities. The federal complaint alleges that Defendants violated Plaintiff's due process rights by failing to preserve the blood samples taken from Nautical Look on May 3, 2000. Defendants argued that *Younger* abstention required dismissal. The district court disagreed. The court granted a preliminary injunc-

tion and then, on summary judgment, a permanent injunction in favor of Plaintiff, and awarded attorney fees to Plaintiff.

The Board now brings this timely appeal. We reverse and remand with instructions to vacate the award of fees and to dismiss the action.

## STANDARD OF REVIEW

We review de novo whether *Younger* abstention applies. *Green v. City of Tucson*, 255 F.3d 1086, 1093 (9th Cir.) (en banc), *cert. dismissed*, 533 U.S. 966 (2001).

We also review de novo whether a party is statutorily entitled to attorney fees. *Gilbrook v. City of Westminster*, 177 F.3d 839, 875 (9th Cir. 1999).

## DISCUSSION

### A.  *Abstention*

*Younger* abstention is a "circumscribed exception to mandatory federal jurisdiction," which applies when there is a pending state proceeding that implicates important state interests and provides the federal plaintiff with an opportunity to raise federal claims. *Green*, 255 F.3d at 1099. If the circumstances giving rise to *Younger* abstention apply, the district court must dismiss the action. *Id.* at 1093.

[1] As a threshold matter, for *Younger* abstention to apply, the federal relief sought must interfere in some manner with the state litigation. *Id.* at 1094. Next, in determining whether abstention is proper, the court must examine:

   (1)  The nature of the state proceedings in order to determine whether the proceedings implicate important state interests, (2) the timing of the request for federal relief in order to determine whether there are

ongoing state proceedings, and (3) the ability of the federal plaintiff to litigate its federal constitutional claims in state proceedings.

*Kennealy v. Lungren*, 967 F.2d 329, 331 (9th Cir. 1992) (internal quotation marks omitted). Finally, an exception to abstention applies if the state proceedings demonstrate "bad faith, harassment, or some other extraordinary circumstances that would make abstention inappropriate." *Id.* at 332 (internal quotation marks omitted).

Here, Plaintiff seeks to enjoin state administrative proceedings, so there is "no doubt" that the federal injunctive relief would interfere directly with those proceedings. *Green*, 255 F.3d at 1095-96. The parties agree that state proceedings were ongoing. We turn, then, to the remaining considerations.

1. *The state proceedings implicate important state interests.*

*Younger* abstention applies to actions seeking to enjoin pending state administrative proceedings (as well as state court proceedings) if an important state interest is involved. *Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 627 (1986); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 433-34 (1982). The importance of the interest is measured by considering its significance broadly, rather than by focusing on the state's interest in the resolution of an individual case. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 365 (1989) ("*NOPSI*").

[2] California's interest in protecting the integrity of horse racing is expressed in legislation, which is intended to

allow parimutuel wagering on horse races, while:

(a) Assuring protection of the public.

(b) Encouraging agriculture and the breeding of horses in this state.

(c) Supporting the network of California fairs.

(d) Providing for maximum expansion of horse racing opportunities in the public interest.

(e) Providing uniformity of regulation for each type of horse racing.

Cal. Bus. & Prof. Code § 19401 (West 2003). Further, the legislature specifically requires the Board to adopt "equine medication" regulations in order to "preserve and enhance the integrity of horse racing in the state." *Id.* § 19580. Preserving the integrity of racing is a significant interest, especially in view of the fact that California permits wagering on horse racing. *See id.* § 19594; *see also id.* § 19461, notes (signing message from Gov. Gray Davis identifying thoroughbred horse racing as "one of California's premier sporting industries").

Whether the state proceedings are "judicial in nature" or "quasi-criminal" also plays a role in assessing the significance of the state interest. *See Ohio Civil Rights Comm'n*, 477 U.S. at 627-28 & n.2 (addressing significance of requirement that the proceedings be "judicial in nature"); *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13 (1987) (quoting *Juidice v. Vail*, 430 U.S. 327, 335 (1977), discussing application of *Younger* to "quasi-criminal" proceedings); *see also Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975) (holding that *Younger* abstention extends to a state civil proceeding "which in important respects is more akin to a criminal prosecution than are most civil cases").

[3] Here, the Board held an adjudicatory hearing, which is quasi-judicial. Both sides were represented by counsel.

Because a license was at issue and could be suspended or revoked, the state proceedings also were "quasi-criminal." The state's interest in administering such proceedings without interference is thus significant. *Id.* Indeed, Plaintiff does not argue that the state's interest in licensing procedures concerning horse racing are less important, or less "judicial," than licensing procedures concerning lawyers or doctors. *See Middlesex*, 457 U.S. at 437 (applying abstention doctrine in view of pending administrative proceedings to revoke a lawyer's license); *Kenneally*, 967 F.2d at 330-31 (applying abstention doctrine in view of pending administrative proceedings to revoke a physician's license).

2. *The state proceedings provide an adequate opportunity to litigate Plaintiff's constitutional claim.*

Plaintiff primarily argues that the state proceedings do not provide an adequate opportunity to litigate his federal claims. Distilling his arguments to their essentials, he contends that (a) immediate federal review is necessary because the constitutionality of the proceedings themselves is at issue, so applying abstention would disregard the remedial purposes of § 1983; and (b) the multi-layered review of administrative decisions in the state forum will take too long. Established law forecloses those arguments.

(a) *Younger* abstention applies even if the constitutionality of the pending proceedings is at the heart of Plaintiff's claim.

The Supreme Court has "repeatedly rejected the argument that a constitutional attack on state procedures themselves automatically vitiates the adequacy of those procedures for purposes of the *Younger-Huffman* line of cases." *Ohio Civil Rights Comm'n*, 477 U.S. at 628 (internal quotation marks omitted). "[T]he mere assertion of a substantial constitutional challenge to state action will not alone compel the exercise of federal jurisdiction." *NOPSI*, 491 U.S. at 365. *Younger* itself

involved a First Amendment challenge to an ongoing criminal prosecution, but even that was insufficient to require the federal court to ignore principles of federalism and interfere with the state's proceedings. *Younger*, 401 U.S. at 43-45.

Nonetheless, Plaintiff literally claims that "[t]he only competent figure to rule on Constitutional issues . . . is a Federal Judge." Although we appreciate the vote of confidence, *Younger* and its progeny repeatedly and explicitly hold to the contrary. *See Middlesex*, 457 U.S. at 431 ("Minimal respect for the state processes, of course, precludes any *presumption* that the state courts will not safeguard federal constitutional rights."). Saddled with these precedents, Plaintiff's arguments cannot succeed. The substance of Plaintiff's claim does not justify federal interference.

(b) *California's administrative process provides sufficient judicial review so as to constitute an adequate forum to litigate federal constitutional issues.*

Plaintiff next claims that California's procedures for judicial review of an administrative decision are "layered and redundant" and will not provide a "timely" resolution to his federal claims. Thus, he contends, the proceedings are "inadequate." "[T]he burden on this point rests on the federal plaintiff to show that state procedural law barred presentation of [his] claims." *Pennzoil Co.*, 481 U.S. at 14 (internal quotation marks omitted). We must assume that state procedures afford an adequate remedy, in the absence of unambiguous authority to the contrary. *Id.* at 15. Plaintiff's allegations of redundancy and delay do not rise to the level of a procedural bar in this case.

Notably, the proceedings affording judicial review of the Board's decision are not peculiar to that administrative body. To the contrary, Plaintiff's challenge amounts to an attack on California's administrative review procedures as a whole. *See* Cal. Gov't Code § 11517 (West 2003) (providing for appeals

from administrative adjudications); Cal. Civ. Proc. Code § 1094.5 (West 2003) (providing procedures for writ of mandate for judicial review of administrative orders).

In *Kenneally*, we held that California offers an adequate opportunity for judicial review of administrative orders and that *Younger* abstention therefore applied to a physician's civil rights action challenging the revocation of his license. 967 F.2d at 332-33. *Kenneally* presented an even stronger case than Plaintiff's for concluding that the state procedures were inadequate, because it involved a challenge to the constitutionality of a particular regulation, which California's constitution explicitly precludes administrative bodies from adjudicating. *Id.* at 332. Despite Kenneally's inability to obtain redress at the administrative level, we applied *Ohio Civil Rights Commission* and held that the procedure for a writ of mandate offered an adequate opportunity for judicial review of the constitutional claims. *Id.* at 332-33.

[4] By contrast, Plaintiff's federal claims do not attack a regulation or statute as unconstitutional. Rather, he attacks specific evidentiary practices in his case that he asserts amounted to a violation of his due process rights. Plaintiff's claims thus concern the administrative agency's "competence to examine evidence before them in light of constitutional standards." *Dash, Inc. v. Alcoholic Beverage Control Appeals Bd.*, 683 F.2d 1229, 1234 (9th Cir. 1982) (internal quotation marks omitted). Although California's constitutional provisions explicitly preclude challenges to the constitutionality of a regulation in administrative proceedings, those provisions do not affect the competence of an administrative judge to examine evidence in the light of constitutional standards. *Id.*; *Kenneally*, 967 F.2d at 332. Unlike the plaintiff in *Kenneally*, Plaintiff can bring, and has brought, his claims of constitutional error to the attention of the administrative body on appeal. If the Stewards' decision is upheld, Plaintiff will have another chance to bring those claims to the superior court in a writ of mandate. The superior court's decision, if unfavor-

able, may then be appealed all the way through the California court system. Cal. Civ. Proc. Code § 1094.5. If Plaintiff remains dissatisfied with the state courts' treatment of his federal claims, he may seek certiorari in the United States Supreme Court. *See generally Murdock v. City of Memphis*, 87 U.S. (20 Wall.) 590 (1874) (discussing Supreme Court's scope of review of questions decided by the highest state courts).

[5] Plaintiff contends that this procedure will take too long. A bald assertion that state proceedings are lengthy does not eliminate the grounds for *Younger* abstention. As the Supreme Court has made clear, only when the timeliness issue amounts to a procedural bar do we decline to abstain due to the inadequacy of the forum. *Pennzoil Co.*, 481 U.S. at 15. Although there are instances in which timeliness plays a role in the adequacy of a state forum, Plaintiff's case is not one of them.

In *Meredith v. Oregon*, 321 F.3d 807, 818 (9th Cir. 2003), for example, we decided that the "unique posture of [the] case" rendered the state forum inadequate on timeliness grounds. (Internal quotation marks omitted.) The plaintiff in *Meredith* established that the peculiar facts of his case involved a stay of the state court judgment in such a way that the state courts would never have an opportunity to address his federal claims in a meaningful way. *Id.* at 818-19. Because the plaintiff's federal claim involved new evidence that the state forum was barred from reviewing, and the applicable stay procedures would have required the plaintiff to suffer all the consequences of the state's administrative decision before any review of his federal claims had taken place, we concluded that Oregon's administrative procedures in that particular case operated as a complete procedural bar to review of his federal claims. *Id.*

By contrast, here, Plaintiff can litigate his claims fully in the state forum. He has not shown that he will be forced to serve his suspension before he has had a chance to adjudicate

his federal claims in the state forum. To the contrary, until the district court entered an injunction below, *the state court had* stayed Plaintiff's suspension pending his appeal. Plaintiff has yet to serve the 60-day suspension, and there is no reason to think that he will be forced to do so before his appeal is heard in the state forum.

[6] Plaintiff obviously disagrees vigorously with the result that he has achieved thus far in California. However, his lack of success *does not render the forum inadequate*. Because Plaintiff's case fits cleanly within the criteria for abstaining under *Younger*, the district court was obliged to decline jurisdiction unless some exception applied.

3. *No exception applies.*

[7] If state proceedings are conducted in bad faith or to harass the litigant, or other extraordinary circumstances exist, the district court may exercise jurisdiction even when the criteria for *Younger* abstention are met. *See Gibson v. Berryhill*, 411 U.S. 564, 578-79 (1973) (holding that *Younger* abstention did not apply to a suit to enjoin a proceeding before an administrative board that had a pecuniary interest in the outcome); *Partington v. Gedan*, 961 F.2d 852, 861 (9th Cir. 1992) (referring to the " 'bad faith and harassment' exception" to *Younger* abstention).

(a) *No bad faith is present.*

[8] The district court declined to abstain because it concluded that the Board's prosecution was in bad faith. In the *Younger* abstention context, bad faith "generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975). Plaintiff cannot meet that standard.

[9] The Board had a reasonable expectation of obtaining a valid "conviction." In California, the trainer "is the absolute

insurer of and responsible for the condition of the horse entered in a race, regardless of the acts of third parties." Cal. Code Reg. tit. 4, § 1887(a) (West 2003). If a sample of body fluid taken from a horse tests positive, that test is prima facie evidence that the trainer has been negligent in the care of the horse and is prima facie evidence that the drug found has been administered to the horse. *Id.* § 1843(d). Nautical Look's urine sample tested positive for morphine, a Class I prohibited drug. Plaintiff was Nautical Look's trainer. On those facts alone, under the regulations the Board had a "reasonable expectation" of obtaining a valid "conviction."

[10] Nor does the fact that the Board destroyed Nautical Look's blood samples prove bad faith. Nautical Look's blood samples were not singled out for destruction. The samples were destroyed (a) pursuant to a random practice of destroying one-third of the blood samples at the laboratory, and (b) pursuant to the Board's policy of destroying split samples after 45 days if no request for testing has been made.

[11] In the absence of any evidence of bad faith, such as bias against Plaintiff, or of a harassing motive, no exception to the application of *Younger* abstention is warranted.

(b) *There are no extraordinary circumstances.*

Plaintiff's claim of "extraordinary circumstances" is rooted only in the claimed constitutional violation. As discussed earlier, the constitutional dimension of the error claimed does not, by itself, constitute an exception to the application of *Younger* abstention. "Extraordinary circumstances" have not been catalogued fully, but Plaintiff's case does not approach the example referred to in *Younger*. *See Aiona v. Judiciary of Haw.*, 17 F.3d 1244, 1248-49 (9th Cir. 1994) ("For example, if a statute 'flagrantly and patently' violates 'express constitutional prohibitions in every clause, sentence and paragraph,' then federal intervention in state court proceedings is appropriate." (quoting *Younger*, 401 U.S. at 53)).

B. *Attorney fees*

Fees were awarded on the ground that Plaintiff was the "prevailing party." 42 U.S.C. § 1988. For the reasons that we have explained, however, Plaintiff was not entitled to prevail below. Thus, the fee award must be reversed.

REVERSED and REMANDED with instructions to vacate the award of attorney fees to Plaintiff and to dismiss the action.

INTERNAL USE ONLY: Proceedings include all events.
02-55858 Baffert v. California Horse, et al

| | |
|---|---|
| BOB BAFFERT<br>    Plaintiff - Appellee | Neil Papiano, Esq.<br>213/624-7444<br>27th Floor<br>[COR LD NTC ret]<br>IVERSON, YOAKUM, PAPIANO &<br>HATCH<br>624 South Grand Avenue<br>Los Angeles, CA 90017-3328 |
| v. | |
| CALIFORNIA HORSE RACING BOARD<br>    Defendant - Appellant | Jerald L. Mosley<br>FAX<br>213-897-9854<br>Suite 500<br>[COR LD NTC dag]<br>AGCA - OFFICE OF THE CALIFORNIA<br>ATTORNEY GENERAL (LA)<br>300 South Spring St.<br>Los Angeles, CA 90013 |
| ROY C. WOOD, JR., in his<br>capacity as executive director<br>of the California Horse Racing<br>Board<br>    Defendant - Appellant | Jerald L. Mosley<br>(See above)<br>[COR LD NTC dag] |
| JOHN C. HARRIS<br>    Defendant - Appellant | Jerald L. Mosley<br>(See above)<br>[COR LD NTC dag] |
| SHERYL L. GRANZELLA<br>    Defendant - Appellant | Jerald L. Mosley<br>(See above)<br>[COR LD NTC dag] |
| MARIE G. MORETTI<br>    Defendant - Appellant | Jerald L. Mosley<br>(See above)<br>[COR LD NTC dag] |
| ALAN W. LANDSBURG<br>    Defendant - Appellant | Jerald L. Mosley<br>(See above)<br>[COR LD NTC dag] |
| WILLIAM A. BIANCO<br>    Defendant - Appellant | Jerald L. Mosley<br>(See above)<br>[COR LD NTC dag] |
| ROGER H. LICHT, in his<br>official capacity as a member<br>of the California Racing Board<br>    Defendant - Appellant | Jerald L. Mosley<br>(See above)<br>[COR LD NTC dag] |

INTERNAL USE ONLY: Proceedings include all events.
02-55858 Baffert v. California Horse, et al

BOB BAFFERT

        Plaintiff - Appellee

  v.

CALIFORNIA HORSE RACING BOARD; ROY C. WOOD, JR., in his
capacity as executive director of the California Horse
Racing Board; JOHN C. HARRIS; SHERYL L. GRANZELLA; MARIE G.
MORETTI; ALAN W. LANDSBURG; WILLIAM A. BIANCO; ROGER H.
LICHT, in his official capacity as a member of the
California Racing Board

        Defendants - Appellants

```
                                                        MOATT   INVATT
                                                        CLOSED
                                                                     i

                        NON-PUBLIC DOCKET FOR
                     Ninth Circuit Court of Appeals

Court of Appeals Docket #: 02-55858                         Filed: 5/24/02
Nsuit: 3440  Other civil rights (Fed)
Baffert v. California Horse, et al
Appeal from: Central District of California, Los Angeles

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Case type information:
     1) civil
     2) private
     3)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Lower court information:

     District: 0973-2 : CV-01-07363-DT
     presiding judge: Dickran M. Tevrizian, District Judge
     court reporter: Dawn Bullock, Court Reporter
     Date Filed: 8/23/01
     Date order/judgment: 4/24/02
     Date NOA filed: 5/15/02
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Fee status: paid

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Prior cases:
   None
Current cases:
                 Lead        Member      Start       End
     consolidated:
                 02-55858    02-56135    7/2/02
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Panel Assignment:
     Panel: MMS  SPG  jks  3    :PAS 4/10/03 am
        Date of decision: **/**/**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -




Docket as of July 24, 2003 11:00 am              Page 1   NON-PUBLIC
```

INTERNAL USE ONLY: Proceedings include all events.
02-56135 Baffert v. CA Horse Racing Brd., et al

| | |
|---|---|
| BOB BAFFERT<br>    Plaintiff - Appellee | Neil Papiano, Esq.<br>213/624-7444<br>27th Floor<br>[COR LD NTC ret]<br>IVERSON, YOAKUM, PAPIANO &<br>HATCH<br>624 South Grand Avenue<br>Los Angeles, CA 90017-3328 |

v.

| | |
|---|---|
| CALIFORNIA HORSE RACING BOARD<br>    Defendant - Appellant | Jerald L. Mosley<br>FAX<br>213-897-9854<br>Suite 500<br>[COR LD NTC dag]<br>AGCA - OFFICE OF THE CALIFORNIA<br>ATTORNEY GENERAL (LA)<br>300 South Spring St.<br>Los Angeles, CA 90013 |
| ROY C. WOOD, JR., in his<br>capacity as executive director<br>of the California Horse Racing<br>Board<br>    Defendant - Appellant | Jerald L. Mosley<br>(See above)<br>[COR LD NTC dag] |
| JOHN C. HARRIS<br>    Defendant - Appellant | Jerald L. Mosley<br>(See above)<br>[COR LD NTC dag] |
| SHERYL L. GRANZELLA<br>    Defendant - Appellant | Jerald L. Mosley<br>(See above)<br>[COR LD NTC dag] |
| MARIE G. MORETTI<br>    Defendant - Appellant | Jerald L. Mosley<br>(See above)<br>[COR LD NTC dag] |
| ALAN W. LANDSBURG<br>    Defendant - Appellant | Jerald L. Mosley<br>(See above)<br>[COR LD NTC dag] |
| WILLIAM A. BIANCO<br>    Defendant - Appellant | Jerald L. Mosley<br>(See above)<br>[COR LD NTC dag] |
| ROGER H. LICHT, in his<br>official capacity as a member<br>of the California Racing Board<br>    Defendant - Appellant | Jerald L. Mosley<br>(See above)<br>[COR LD NTC dag] |

INTERNAL USE ONLY: Proceedings include all events.
02-56135 Baffert v. CA Horse Racing Brd., et al

BOB BAFFERT

        Plaintiff - Appellee


  v.

CALIFORNIA HORSE RACING BOARD; ROY C. WOOD, JR., in his
capacity as executive director of the California Horse
Racing Board; JOHN C. HARRIS; SHERYL L. GRANZELLA; MARIE G.
MORETTI; ALAN W. LANDSBURG; WILLIAM A. BIANCO; ROGER H.
LICHT, in his official capacity as a member of the
California Racing Board

        Defendants - Appellants

```
                                                        MOATT    INVATT
                                                        CLOSED
                                                                       i

                        NON-PUBLIC DOCKET FOR
                      Ninth Circuit Court of Appeals

Court of Appeals Docket #: 02-56135                          Filed: 7/2/02
Nsuit: 3440  Other civil rights (Fed)
Baffert v. CA Horse Racing Brd., et al
Appeal from: Central District of California, Los Angeles

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Case type information:
    1) civil
    2) private
    3)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Lower court information:

    District: 0973-2 : CV-01-07363-DT
    presiding judge: Dickran M. Tevrizian, District Judge
    court reporter: Dawn Bullock, Court Reporter
    Date Filed: 8/23/01
    Date order/judgment: 6/11/02
    Date NOA filed: 6/27/02
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Fee status: paid

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Prior cases:
   None
Current cases:
                  Lead         Member       Start         End
    consolidated:
                  02-55858     02-56135     7/2/02
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Panel Assignment:
    Panel: MMS  SPG  jks  3     :PAS 4/10/03 am
    Date of decision: **/**/**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -




Docket as of July 24, 2003 11:01 am            Page 1     NON-PUBLIC
```